1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9    James D. Murphey,                    )    No. CV-04-2430-PHX-MHM
                                          )
10             Plaintiff,                  )
                                          )
11   vs.                                   )    **ORDER**
                                          )
12                                         )
     TPS Enterprises, an Arizona general)
13   partnership; Patrick J. Simeri and Pier)
     Simeri, husband and wife; Creative)
14   Products, Inc., an Arizona corporation; and)
     Adapto, Inc., an Arizona corporation,  )
15                                         )
               Defendants.                 )
16   _____)

17          The Plaintiff, James D. Murphey, has filed a Motion for Reconsideration of this

18   Court's September 21, 2007 Order.  (Dkt. #79).  The Motion for Reconsideration, however,

19   was not filed within ten days "after the date of the filing of the Order that is the subject of the

20   motion" as required by  L.R.Civ. 7.2(g).  It was filed October 22, 2007, and challenges an

21   Order issued on September 21, 2007.  (Dkt. #79, 74).  The Plaintiff has not shown good

22   cause for the Court to consider the Motion despite the untimely filing.[1]  L.R.Civ. 7.2(g).

23          Furthermore, the Plaintiff has failed to provide sufficient rationale for reconsideration

24   in this case.  Reconsideration is appropriate where: "(1) There are material differences in fact

25   or law from that presented from that presented to the Court and, at the time of the Court's

26

27   _____

28          [1]In addition, the Court notes that the Plaintiff filed a timely notice of appeal, and that
     the matter is currently pending before the Federal Circuit.

decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence; (2) There are new material facts that happened after the Court's decision; (3) There has been a change in the law that was decided or enacted after the Court's decision; or (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to t he Court before the Court's decision.  No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." Motorola Inc. v. J.B. Rogers Mechanical Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).  The Plaintiff has failed to satisfy this standard.  Motions for reconsideration are not to be used for the purpose of asking a court "to rethink what the court ha[s] already thought through — rightly or wrongly." Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).

Accordingly,

**IT IS ORDERED** denying the Motion for Reconsideration.  (Dkt. #79).

DATED this 27th day of June, 2008.

_____
Mary H. Murgula
United States District Judge