**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James D. Murphey and Christine M. Murphey, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>TPS Enterprises, an Arizona general partnership; Patrick J. Simeri and Pier Simeri, husband and wife; Thomas L. Schoaf and Shirley A. Schoaf, husband and wife; Creative Products Inc., and Arizona corporation; John Does 1-5; Jane Roes 6-10; and ABC Organizations I-X,<br><br>Defendants. | No. CV-04-2430-PHX-MHM<br><br>**ORDER** |

The Third Amended Complaint in this action was filed on February 2, 2006. (Dkt. #28). The Defendants moved for summary judgment on November 30, 2006. (Dkt. #37). The Court granted the motion, which was followed by the Defendants' Motion for Attorneys' Fees and Costs. (Dkt. #73, 75). Five days after the Defendants' Motion for Attorneys' Fees, the Plaintiffs filed a Notice of Appeal. (Dkt. #76). The appeal was subsequently transferred from the Ninth Circuit to the Court of Appeals for the Federal Circuit, where it is currently pending. (Dkt. #78). The Plaintiff never filed a response to the attorneys' fees Motion.

**Analysis**

1     The Defendants seek to recover attorneys' fees in the amount of $33,330, and costs totaling $294.67. The Defendants assert that attorneys' fees are appropriate here according to the mandatory fee-shifting provision in their contract, and alternatively, pursuant to A.R.S. §12-341.01(A) or 35 U.S.C. §283.

    Paragraph 14 of the parties' Agreement provides:

> In any subsequent litigation between the parties, the prevailing party in any such litigation shall be entitled, in addition to any other relief granted, a reasonable sum as and for the prevailing party's reasonable attorneys fees, expert witness fees and other costs of bringing the action.

(Motion for Attorneys' Fees and Costs, Dkt. #75, Exhibit A).

    The Court's Order granting summary judgment in favor of the Defendants specifically found that the suit was essentially an action arising out of the parties' agreement. (See Order, Dkt. #73) ("all, or at least a substantial portion, of Plaintiff's suit is barred by collateral estoppel as the issue regarding the Defendants' action or inaction under the Agreement has been fully and fairly litigated to a final judgment in prior litigation."). Accordingly, the Court finds that the Defendants are entitled to reasonable attorneys' fees as the prevailing party under the parties' Agreement.[1]

    In support of their request for fees, the Defendants have attached a sworn declaration of counsel, a detailed summary of the time, rate and amount of fees expended for each task, and a statement of taxable costs. (Motion for Attorneys' Fees and Costs, Dkt. #75, Exhibit B). The Court finds the fees reasonable, and accordingly, awards the requested amount to the Defendants.[2]

## Conclusion

---

[1] In light of this finding, the Court does not reach the Defendants' other arguments with respect to entitlement to fees.

[2] Should the decision by the Court of Appeals for the Federal Circuit affect the amount or availability of attorneys' fees, however, the Plaintiff may motion the Court for a redetermination.

- 2 -

1     Pursuant to the parties' Agreement, the prevailing party in litigation is entitled to
2 receive reasonable attorneys' fees, expert witness fees and other costs.  Having determined
3 that the action arises from the parties' Agreement, and finding the requested fees and costs
4 to be reasonable, the Court grants the Defendants' Motion for Attorneys' Fees in the amount
5 of $33,330, and costs in the amount of $294.67.

6     Accordingly,

7     **IT IS ORDERED** granting the Defendants' Motion for Attorneys' Fees and Costs.
8 (Dkt. #75).

9     DATED this 5th day of September, 2008.

_____
Mary H. Murguia
United States District Judge